FILED

2012 Dec-28  PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **AUGUSTINE PEREZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  1:11-cv-00949-CLS** |
| | ) | |
| **JOHN T. RATHMAN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER DENYING § 2241 RELIEF

On November 16, 2012, the magistrate judge filed his report and recommendation in this action, finding that the petitioner's attempt to use 28 U.S.C. § 2241 to challenge his 1991 drug convictions is foreclosed by the requirements of *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), for resorting to § 2241 as an alternative to § 2255.  Petitioner filed his timely objections to the report and recommendation on December 10, 2012.[1]  Having now carefully and fully reviewed *de novo* the report and recommendation, the objections, and other materials in the

---

[1]    The objections assert that, although the magistrate judge filed his report and recommendation on November 16, 2012, it was not put in the mail to petitioner until November 26, 2012, and he has attached a copy of the envelope in which he received the report and recommendation.  The postal stamp date on the envelope shows that it was mailed on November 26, 2012.  The court deems the petitioner's objections to be timely filed within fifteen (15) days after the date of mailing.

record, the court finds that the objections are due to be overruled, and the report and recommendation adopted.

Petitioner's objections seem to raise the following arguments:

(1) That the report and recommendation erroneously applied *Wofford* to bar § 2241 relief, even though petitioner raises "structural defects," not mere "trial defects," underlying his conviction, which in themselves allow resort to § 2241;

(2) That the report and recommendation failed to consider the argument that petitioner's previous § 2255 proceedings were rendered "inadequate and ineffective," for purposes of resorting to § 2241, because the § 2255 judge should have recused himself from the proceedings in light of the claim in the § 2255 motion that the judge was biased against petitioner during trial; and

(3) That the report and recommendation failed to recognize petitioner's claim to compel the Bureau of Prisons to credit petitioner with 18 months against his sentence based on a letter from the sentencing judge.

The court will address each of these objections in turn.

A.  *"Structural Errors" and the § 2241 Portal*

Petitioner's first argument contends that the report and recommendation erroneously applied *Wofford v. Scott* too narrowly by failing to recognize that "structural errors" in the underlying conviction and sentence are so serious that they open the § 2241 portal.  He contends that "structural errors" — a certain class of constitutional errors in criminal proceedings that render the entire proceeding fundamentally unfair without the necessity of proving actual prejudice — so

undermine the fairness and reliability of trial proceedings that they are sufficient in themselves to warrant opening the § 2241 portal for review, regardless of whether the three-prong *Wofford* test is met.  Petitioner points to two particular "structural errors" underlying his conviction: first, he was denied counsel of his choice when his efforts to recover money seized from him were stayed until after his criminal trial, and second, the trial judge was biased against him and deprived him of a fundamentally fair trial.

As the magistrate judge explained, the Eleventh Circuit has strictly and narrowly confined the operation of § 2241 as an alternative remedy to the motion provided federal prisoners under § 2255.  Section 2255 provides the exclusive post-conviction remedy for federal prisoners challenging the constitutional validity of their federal convictions and sentences, unless that motion is "inadequate and ineffective" to test the legality of the conviction or sentence.  The so-called "savings clause" in § 2255 states:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*  [Italics added].

This circuit, however, has narrowly construed that language to limit its application only to a strictly confined set of circumstances. In *Wofford v. Scott*, the court established a three-prong test for its application, which requires a showing that "(1) [the petitioner's] claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). This test has been reiterated several times, and is now well-established. *See Sawyer v. Holder*, 326 F.3d 1363, 1366 (11th Cir. 2003); *Santivanez v. Warden, FCC Coleman-USP II*, 416 F. App'x 833, 835 (11th Cir. 2011) *cert. denied*, 132 S. Ct. 272, 181 L. Ed. 2d 161 (U.S. 2011); *Smith v. United States*, 263 F. App'x 853, 856 (11th Cir. 2008); *Griffin v. Wiley*, 141 F. App'x 843, 844 (11th Cir. 2005). To open the "portal" to § 2241 as an alternative to use of a § 2255 motion, the prisoner must prove all three prongs of the test.

Petitioner argues that the Supreme Court decision in *United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006), holds that the erroneous deprivation of a criminal defendant's right to counsel of his own choosing is a "structural error," not subject to harmless-error analysis. Because the error relates

to the fundamental guarantees of fairness underlying the trial procedure, he contends that such "structural defects" must, of their own power open the § 2241 portal of the § 2255 savings clause, notwithstanding the *Wofford* test.  Whether or not *Gonzalez-Lopez* has been made retroactive to collateral review[2] under the first prong of the *Wofford* test, the magistrate judge correctly determined that such an error, assuming it occurred, does not mean that the petitioner was convicted of a "nonexistent" offense, as required by the second prong.  Petitioner was represented by counsel at trial in 1991, albeit not counsel of his choosing.  He was convicted of drug offenses that still exist today notwithstanding the holding in *Gonzalez-Lopez*.  Thus, the magistrate judge correctly found that petitioner could not meet the *Wofford* test.

Nothing in *Wofford* itself suggests that "structural" errors or defects escape the three-prong test for opening the § 2241 portal.  Nor is there anything in *Gonzalez-Lopez* suggesting that such claims are retroactively applicable to collateral review, much less have the power to open the § 2255 savings clause to get to § 2241 review.  Petitioner contends that *Wofford* recognized the possibility that some undescribed

---

[2] The court has been unable to find any Supreme Court or Eleventh Circuit cases stating that *Gonzalez-Lopez* applies retroactively, nor has the petitioner cited to any such cases.  The court has found a district court opinion in the Eleventh Circuit that appears to apply it retroactively in a § 2254 case.  *See Riggio v. Sec'y, Dept. of Corr.*, 704 F. Supp. 2d 1244, 1251 (M.D. Fla. 2010).

"fundamental errors" in sentencing might also work to open the portal.  Rather, this

is what the circuit court said:

> The Seventh Circuit in *Davenport* suggested in *dicta* that the savings
> clause might apply to some claims involving a "fundamental defect" in
> sentencing where the petitioner had not had an opportunity to obtain
> judicial correction of that defect earlier. *See* 147 F.3d at 611.  We need
> not decide whether the savings clause extends  to sentencing claims in
> those circumstances, or what a "fundamental defect" in a sentence might
> be.  It is enough to hold, as we do, that the only sentencing claims that
> may conceivably be covered by the savings clause are those based upon
> a retroactively applicable Supreme Court decision overturning circuit
> precedent.

*Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999).  This is a slim reed on

which to hold that the three-prong test does not apply to this case, and the court

declines to do so.

The court finds that the *Wofford* three-prong test for application of the § 2255

savings clause for allowing review of a federal conviction under § 2241 remains the

standard petitioner must meet.  Because neither of his alleged "structural errors" —

denial of counsel of his choice and a judge biased against him — result in a finding

that he was convicted of a "nonexistent offense," as required by the second prong of

the *Wofford* test, he cannot invoke the § 2255 savings clause to obtain review of his

claims under § 2241.  This objection is overruled.

### B. *Inadequacy and Ineffectiveness of § 2255 Due to Bias*

Petitioner next argues that, in his particular case, the remedy provided by § 2255 was rendered "inadequate and ineffective" because the judge hearing the motion was biased against him and should have recused because petitioner asserted bias as one of his claims for relief from the conviction. He contends that the judge's bias prevented petitioner from receiving a full and fair consideration of his § 2255 claim, rendering it inadequate and ineffective for purposes of invoking the savings clause.

The court disagrees. Even assuming that the § 2255 judge should have recused himself because one of the claims alleged was that he was biased against petitioner during the trial of the charges, remedies existed to save the fairness and effectiveness of the § 2255 proceedings. During the proceedings themselves, petitioner could have moved the judge to recuse himself and, if denied, sought *mandamus* review at the court of appeals. After § 2255 relief was denied, he could have appealed the denial on the basis of the judge's erroneous failure to recuse. It is simply is not true that petitioner had no avenue through which to seek and obtain a fair and adequate § 2255 review of his claims. He was not denied a chance to obtain a fair and adequate review of his convictions. The objection is overruled.

*C. Eighteen-month Service Credit*

Finally, petitioner objects to the magistrate judge's conclusion that he is not entitled to § 2241 relief on the entirely separate theory that the Bureau of Prisons should credit him with eighteen months toward service of his sentence based on a letter from the sentencing judge indicating that the federal sentence was intended to run concurrently to a state sentence petitioner was serving. The BOP denied credit because the time sought had been already credited toward the state sentence. The BOP noted that § 3585(b) authorizes credit only for time that "has not been credited against another sentence." Because petitioner does not dispute that the eighteen months he seeks was, in fact, credited against his state sentence, the BOP's response cannot be said to be arbitrary or capricious.[3]

## Conclusion

For the reasons explained above, the court finds that the petitioner's objections to the report and recommendation are due to be, and they hereby are, OVERRULED. Accordingly, the report is due to be, and it hereby is, ADOPTED, and the recommendation is ACCEPTED. Petitioner's application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, therefore, is DENIED.

---

[3] The BOP's interpretation of § 3585(b) is entitled to deference unless "it is "arbitrary, capricious, or clearly contrary to law." *Pizzichiello v. Dir. Fed. BOP*, 193 F. App'x 907, 909 n. 2 (11th Cir. 2006).

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

DONE and ORDERED this 28th day of December, 2012.

_____
United States District Judge